IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

VERNON H. ANDREWS,

        Plaintiff,

  v.

DENNIS ROWLAND, *et al.*,

        Defendants,

Civil Action No.
3:14-CV-0851 (LEK/DEP)

---

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFF:

VERNON H. ANDREWS, *Pro Se*
17 Campville Rd.
Endicott, NY 13760

FOR DEFENDANTS:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Vernon Andrews has commenced this civil rights action against three named defendants. Plaintiff's complaint was accompanied by an application for leave to proceed *in forma pauperis* ("IFP"). Both of those filings have been forwarded to me for initial review.

For the reasons set forth below, plaintiff's IFP application is denied without prejudice to renewal, and I recommend that his complaint be dismissed, with leave to replead, for failure to state a claim upon which relief may be granted.

I. BACKGROUND

Plaintiff commenced this action by the filing of a complaint on July 15, 2014, accompanied by a motion for leave to proceed in the matter IFP. Dkt. Nos. 1, 2. The manner in which plaintiff's complaint is drafted has engendered considerable confusion. In the caption of the complaint three defendants are identified, including Dennis Rowland, Hillary R. Clinton, and Jack Goldberg. Dkt. No. 1 at 1. On the first page of plaintiff's complaint, however, only Dennis Rowland and Hillary R. Clinton are listed, and they are identified as plaintiffs. *Id.* The first page of the complaint is entitled "Complaint for Employment Discrimination Based Upon Age." *Id.* The second page of plaintiff's complaint, which is entitled "Complaint Pursuant to the Americans With Disabilities Act," names "Workmans Board! Broome County" and "All Lawyer! & Judge's [sic]" as plaintiffs. *Id.* at 2. On page three of the complaint, entitled "Civil Complaint Pursuant to Title VII of the Civil Rights Act," lists plaintiff's name as the plaintiff and Dennis Rowland, whose official position is identified as "Boss unpaid

2

taxes," as the defendant. *Id.* at 3. Page five of the complaint lists "Hillary F. Clinton" as a defendant, but it is unclear in which cause of action she is implicated as a defendant. *Id.* at 5. Jack Goldberg is not mentioned anywhere in the body of plaintiff's complaint. *See generally id.*

The allegations giving rise to plaintiff's claims are described by him by checking various boxes on the form complaints. Dkt. No. 1 at 4, 6. Specifically, plaintiff checked the following boxes: (1) "[f]ailure to employ," (2) "[t]ermination of employment," (3) "[f]ailure to promote," (4) "[u]nequal terms and conditions of employment," (5) "[r]eduction in wages," (6) "[d]enial of participation in public service or program," (7) "[f]ailure to make alterations to accommodate disability," and (8) "[o]ther acts as specified below: More." *Id. at* 4, 6. Plaintiff also supports his claims with the following allegation:

> Workers try to kill me over taxes, Dennis Rowland
> got someone to do my job. Hillary Clinton did not
> want to do her job as senate [sic]!

*Id.* at 7.

II. DISCUSSION

A. Application for Leave to Proceed IFP

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In support of an IFP application, section 1915 requires that the plaintiff submit an affidavit that reflects all of the assets possessed by him. *Id.*

In this case, plaintiff's IFP application is incomplete. It lists his gross pay or wages as $800 but does not specify to what pay period that refers. Dkt. No. 2 at 1. In addition, the application fails to name plaintiff's employer. *See generally id.* Confusingly, the application also indicates that plaintiff has received income over the past twelve months from "[b]usiness, profession, or other self-employment," but a handwritten notation above that category states "no pay." *Id.* at 1. The application further indicates that

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

plaintiff receives disability or worker's compensation benefits but does not specify the amounts. *Id.* The second page of the IFP application, which asks, among other things, the amount of money that plaintiff has available in cash, or in checking or savings accounts, has not been completed. *Id.* at 2.

Without the submission of a completed form containing the missing information described above, the court is not in a position to intelligently assess whether plaintiff is qualified to proceed in the action IFP. Because plaintiff's IFP application is incomplete, and this defect alone warrants denial of the IFP application, it is denied without prejudice to renewal. *See, e.g.*, *U.S. v. Copen*, 378 F. Supp. 99, 103 (S.D.N.Y. May 21, 1974) ("Leave to proceed in forma pauperis may be obtainable only upon submission by the party of an affidavit made as required by [28 U.S.C. § 1915].").

    B.    <u>Sufficiency of Plaintiff's Complaint</u>

Ordinarily, the denial of plaintiff's IFP application would end the court's discussion, and plaintiff, in light of his *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because, however, as discussed more completely below, I find that plaintiff's complaint fails to

state a claim upon which relief may be granted, 28 U.S.C. § 1915 directs that the court dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid[.]" 28 U.S.C. § 1915(e).

### 1. Standard of Review

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a

6

frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer,

prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis of Plaintiff's Claims

After a careful review of plaintiff's complaint, the court is unable to discern which claims are being asserted or what factual allegations are intended to support those claims. As was mentioned above, part of the confusion stems from the fact that the pleading is drafted utilizing pages from three different court forms applicable to complaints under (1) the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (2) the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and (3) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 *et seq.* Dkt. No. 1 at 1-3. The complaint alleges no facts demonstrating the existence of plausible claims under any of these provisions, nor do the facts set forth in the body of the complaint provide any clues as to the basis for plaintiff's claims. Under these circumstances, I recommend that plaintiff's complaint be dismissed as frivolous and failing to state a claim upon which relief may be granted.

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also*

Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). In this instance, in light of the confusion stemming from plaintiff's complaint in its current form, I am unable to conclude that permitting amendment would be futile. Accordingly, I recommend that plaintiff be permitted to file an amended complaint that asserts cognizable causes of action and are supported by factual allegations plausibly suggesting the existence of the claims asserted.

In the event plaintiff chooses to file an amended complaint, he is advised that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in his amended complaint, plaintiff must clearly set forth the

facts that give rise to the claim, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of each of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

IV. SUMMARY AND RECOMMENDATION

Because plaintiff's request for leave to proceed IFP is incomplete, the request is denied without prejudice. Turning to the merits of plaintiff's complaint, upon review of that pleading pursuant to 28 U.S.C. § 1915(e), I find that it fails to allege facts plausibly suggesting the existence of a cognizable cause of action. Accordingly, it is hereby

11

ORDERED that plaintiff's application for leave to proceed *in forma pauperis* (Dkt. No. 2) is DENIED, without prejudice; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action (Dkt. No. 1) be DISMISSED for failure to state a claim upon which relief may be granted, with leave to replead, and with a certificate that any appeal from the court's dismissal would not be taken in good faith.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: August 28, 2014
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge