IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

VERNON H. ANDREWS,

                Plaintiff,        Civil Action No.
v.                                       3:14-CV-0851 (LEK/DEP)

DENNIS ROWLAND, *et al.*,

        Defendants.

---

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

VERNON H. ANDREWS, *Pro Se*
1715 Campville Road
Endicott, NY 13760

FOR DEFENDANT:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

### REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Vernon H. Andrews has commenced this action claiming that the defendants discriminated against him based on his age. Plaintiff's original complaint in the matter was accompanied by an application for leave to proceed *in forma pauperis* ("IFP"), both of which were forwarded to me for review. Following the assigned district judge's

approval of a report, recommendation, and order issued by me denying plaintiff's IFP application as incomplete and recommending dismissal of his complaint, with leave to replead, plaintiff submitted a revised IFP application and an amended complaint. Upon receipt, those documents were again forwarded to me by the clerk for consideration. Based upon my review, I now grant plaintiff's application for leave to proceed IFP but recommend that his amended complaint be dismissed.

I.   BACKGROUND

Plaintiff commenced this action on or about July 15, 2014, with the filing of a complaint and IFP application. Dkt. Nos. 1, 2. The original complaint was drafted and formulated in a confusing manner, and it was generally unclear as to who plaintiff intended to name as defendants, the claims being asserted, and the factual basis for any of the claims.[1] *See generally* Dkt. No. 1. In addition, his application to proceed IFP was incomplete. Dkt. No. 2. Accordingly, on August 28, 2014, I issued a report, recommendation, and order denying plaintiff's IFP application, without prejudice, and recommending that plaintiff's complaint be dismissed with leave to replead. Dkt. No. 6. No objections were filed to the report, which

---

[1] The caption of plaintiff's original complaint listed three defendants, including Dennis Rowland, Hillary R. Clinton, and Jack Goldberg. *See generally* Dkt. No. 1. While defendants Rowland and Clinton were named in the body of the pleading, defendant Goldberg was not and it was unclear as to the claims being asserted against defendants Rowland and Clinton. *Id.*

2

was adopted in an order issued by Senior District Judge Lawrence E. Kahn on October 16, 2014. Dkt. No. 7.

On October 21, 2014, plaintiff filed an amended complaint naming Dennis Rowland and the Broome County "Workman Board"[2] as defendants. Dkt. No. 8 at 1. The filing of that amended complaint was followed by the plaintiff's submission of a revised IFP application on December 22, 2014. Dkt. No. 10. Plaintiff's amended complaint is submitted on a form designed to assert age discrimination claims in the employment context. *See generally* Dkt. No. 8. None of the boxes intended to identify the specific nature of his claim, including "[f]ailure to employ," "[t]ermination of employment," "[f]ailure to promote," "[u]nequal terms and conditions of employment," "[r]eduction in wages," "[r]etaliation," or "[o]ther acts as specified below" are selected. *Id.* at 2. In the body of his amended complaint, plaintiff alleges that defendant Rowland stole money from him when he was between the ages of fourteen and twenty-one for tax purposes and then assaulted plaintiff "and [b]roke [his] [b]ones." *Id.* at 3. When plaintiff was thirty-five years old, defendant Rowland allegedly attempted "to kill [him] with a car[.]" *Id.*

---

[2] It is unclear precisely what board is intended as a defendant and what role the board played in the allegedly discriminatory acts.

II. DISCUSSION

    A. Application for Leave to Proceed IFP

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[3] In support of an IFP application, section 1915 requires that the plaintiff submit an affidavit that reflects all of the assets possessed by him. *Id.*

Plaintiff's revised IFP application reflects that he is not employed but receives Social Security benefits in the amount of $828.00 per month. Dkt. No. 10 at 1. Based upon plaintiff's revised application, I conclude that he qualifies for IFP status.

---

[3] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

B. Sufficiency of Plaintiff's Complaint

1. Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference to *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding

the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915[(e)], may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16

(N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis of Plaintiff's Claims

Like the original complaint, plaintiff's amended complaint contains few clues as to a basis for his claims against the defendants. The amended complaint is prepared on a form intended to be utilized to assert age discrimination claims in the employment context. *See generally* Dkt. No. 8.

7

The factual basis for plaintiff's claims is set forth as follows:

> Dennis Rowland Rob a child 'myself' at work for taxes from 14 years old to 21 years old. After that he and workers beat me up and Broke my Bones. Then try to kill me with a car at 35 years old. The Ins. co lie to me on the phone and Dennis Rowland lie to me at the same time about taxes and 'work.' I will reopen this is closed.

*Id.* at 3.

The foregoing alleges no facts demonstrating the existence of a plausible federal claim. To the extent that Andrews may be attempting to assert an employment discrimination claim based on age, it is legally deficient. The amended complaint does not allege that he was employed by either of the defendants. In addition, plaintiff states that he was between fourteen and thirty-five years old at the times of the alleged discriminatory conduct. Dkt. No. 8 at 3. Because the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, protects individuals who are age forty or older, plaintiff's complaint does not allege facts plausibly suggesting that either of the defendants discriminated against him in violation of the ADEA.[4] 29 U.S.C. § 631(a); *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553,

---

[4] Unlike the ADEA, the New York State Human Rights Law ("HRL") does not contain a minimum age at which protection begins, and an individual forty years old or younger may nonetheless assert a viable claim of age discrimination under that provision. N.Y. Exec. L. § 296; *see Hawkins v. Astor Home for Children*, No. 96-CV-8778, 1998 WL 142134, at *3 (S.D.N.Y. Mar. 25, 1998) (Sotomayor, J.) (citing N.Y. Exec. L. § 296(1)(a); *Raskin v. Wyatt Co.*, 125 F.3d 55, 60 (2d Cir. 1997)). Absent an independent basis for subject matter jurisdiction, however, the court would be called

8

559 (2d Cir. 1997). Under these circumstances, I recommend that plaintiff's amended complaint be dismissed.

  C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). In this case, plaintiff has already once been given leave to amend his complaint and has been alerted to the deficiencies in his original complaint. His amended complaint fares no better than the

---

upon to exercise supplemental jurisdiction over any HRL claim. While it does appear from plaintiff's amended complaint that defendant Rowland may be a resident of Florida and plaintiff is a resident of New York, the amended pleading does not disclose that the amount in controversy in the case equals or exceeds $75,000, exclusive of interests and costs – an allegation necessary to support diversity jurisdiction. 28 U.S.C. § 1332(a)(1); *Purdue Pharma L.P. v. Ken.*, 704 F.3d 208, 213 (2d Cir. 2013). Moreover, the assertion of claims against the Broome County Workman Board, which is presumably a New York resident, would negate a finding of complete diversity as required under section 1332. *See Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("We begin this enquiry with the axiomatic observation that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships."). Accordingly, to the extent the court is inclined to construe plaintiff's complaint as asserting a HRL claim under New York State law, I recommend it not exercise supplemental jurisdiction in light of the absence of a cognizable federal claim.

original, lacking factual allegations plausibly suggesting the existence of a cause of action over which this court could properly exercise jurisdiction. Given that plaintiff has already been afforded the opportunity to amend, I recommend that leave not be granted in this case to further amend plaintiff's complaint. *See Pirro v. Nat'l Grid*, No. 12-CV-1364, 2014 WL 1303414, at *5 (N.D.N.Y. Mar. 31, 2014) (Suddaby, J.) ("[W]hile generally leave to amend a pleading should be freely given, granting a plaintiff an opportunity to amend before dismissal of his action is not required where the plaintiff has already been afforded the opportunity to amend." (citing cases)).

III. SUMMARY AND RECOMMENDATION

Based upon a review of plaintiff's amended IFP application, I find that he is qualified for that status, and his IFP application will be granted. Turning to the merits of plaintiff's amended complaint, however, upon review of that pleading pursuant to 28 U.S.C. § 1915(e), I find that it fails to allege facts plausibly suggesting the existence of a cognizable cause of action over which this court has subject matter jurisdiction. Accordingly, it is hereby

ORDERED that plaintiff's amended application for leave to proceed *in forma pauperis* (Dkt. No. 10) is GRANTED; and it is further

ORDERED that the clerk of the court serve a copy of this report, recommendation, and order on plaintiff in accordance with the court's local rules; and it is hereby respectfully

RECOMMENDED that plaintiff's amended complaint in this action (Dkt. No. 8) be DISMISSED for failure to state a claim upon which relief may be granted, without leave to replead, and with a certificate that any appeal from the court's dismissal would not be taken in good faith.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated:     January 9, 2015
             Syracuse, New York

David E. Peebles
U.S. Magistrate Judge